IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL RY EQUIPMENT CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-0644-MJR-PMF |
| ) | |
| MIBA BEARINGS U.S., L.L.C., ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER
<u>ON THRESHOLD JURISDICTIONAL REVIEW</u>

REAGAN, District Judge:

It is well established that the burden of establishing federal subject-matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle County Board of Commissioners*, **610 F.3d 416, 425 (7th Cir. 2010)**, *citing Kokkonen v. Guardian Life Ins. Co. of America,* **511 U.S. 375, 377 (1994).** In its August 20, 2010 complaint, National Railway Equipment Company ("National") invokes the subject-matter jurisdiction of this Court under the federal diversity statute, 28 U.S.C. 1332. Section 1332 requires that the parties be completely diverse and the amount in controversy exceed $75,000, exclusive of interest and costs.

The case comes now before the undersigned Judge for threshold jurisdictional review. Unfortunately, National's complaint does not provide all the information needed to ascertain that the Court enjoys subject-matter jurisdiction. We are told that Plaintiff National is "an Illinois corporation" with a "corporate headquarters" in Mount Vernon,

Illinois. But the citizenship of a corporation is determined by (a) the state in which it is incorporated and (b) the state where its principal place of business is located. *See* **28 U.S.C. 1332(c)(1).** National's reference to "an Illinois corporation" likely signals that it is incorporated in Illinois. Similarly, the reference to National's "corporate headquarters" being in Mt. Vernon, Illinois probably indicates that its principal place of business is there. However, jurisdiction must be precisely alleged and carefully examined.

Moreover, the jurisdictional allegations as to Defendant Miba Bearings U.S., L.L.C. ("Miba") are deficient. Miba is described as a limited liability corporation or "LLC" (specifically, a Delaware LLC with offices in Ohio), but the complaint lists Miba's principal place of business and state of incorporation – both of which may be irrelevant to the citizenship of an LLC. The law of this Circuit plainly holds that an LLC's citizenship is based on the citizenship of *each of its members*. **Muscarello, 610 F.3d at 424; Hukic v. Aurora Loan Services, 588 F.3d 420, 427 (7th Cir. 2009); Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006).**

So Plaintiff's complaint fails to provide the critical information needed for this Court to verify subject-matter jurisdiction – which must be done before anything else, including entry of a Scheduling and Discovery Order, assignment of a track and trial date, or resolution of Defendant Miba's freshly-filed Rule 12(b)(6) dismissal motion.

Accordingly, the Court **DISMISSES** the existing complaint (Doc. 2) and **DIRECTS** Plaintiff – who filed suit here and seeks this federal forum – to file a **FIRST AMENDED COMPLAINT** which supplies all information needed for the undersigned

Judge to find that federal subject-matter jurisdiction lies in this Court. The first amended complaint shall be filed no later than **October 14, 2010.**

The Court **DENIES as moot** the September 17, 2010 dismissal motion (Doc. 8) which was directed to the now-dismissed complaint, curiously failed to raise the jurisdictional issue, and was based on a statute of limitations argument under Rule 12(b)(6). The denial of Defendant's motion is without prejudice to timely re-filing directed to the first amended complaint (if appropriate).

IT IS SO ORDERED.

DATED September 21, 2010.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge
