IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL RY EQUIPMENT CO., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 10-cv-0644-MJR-PMF |
| MIBA BEARINGS U.S., L.L.C., | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

The party invoking federal subject-matter jurisdiction shoulders the burden of demonstrating that all jurisdiction requirements have been met. *Muscarello v. Ogle County Board of Commissioners*, **610 F.3d 416, 425 (7th Cir. 2010)**, *citing Kokkonen v. Guardian Life Ins. Co. of America,* **511 U.S. 375, 377 (1994).** As is described below, Plaintiff has not met that burden in the instant case.

In an August 20, 2010 complaint, National Railway Equipment Company ("National") invoked the subject-matter jurisdiction of this Court under the federal diversity statute, 28 U.S.C. 1332. Section 1332 requires that the parties be completely diverse and the amount in controversy exceed $75,000, exclusive of interest and costs. On threshold review in a September 21, 2010 Order, the undersigned Judge explained that National's complaint did not provide the information needed to verify that this Court enjoys subject matter jurisdiction over this action.

More specifically, the September 21st Order dismissed the original complaint

(which contained the defective jurisdictional allegations) and directed Plaintiff to file an amended complaint furnishing the information needed to confirm federal subject-matter jurisdiction **no later than October 14, 2010** (Doc. 10).

The October 14th deadline passed with neither an amended complaint filed nor a motion to extend the due-date for the amendment. Accordingly, the Court **DISMISSES this action** for want of prosecution (and failure to comply with a court order) under Federal Rule of Civil Procedure 41(b). Dismissal shall be *without* prejudice.

IT IS SO ORDERED.

DATED October 15, 2010.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge
